FILED

2007 Mar-08  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

GAIL C. CLANTON et al.,

      Plaintiffs,

vs.                                Case No.: 3:07-CV-356-IPJ

GREAT AMERICAN LIFE
INSURANCE COMPANY et al.,

      Defendants.

## MEMORANDUM OPINION

This matter is before the court on the defendant Great American Life Insurance Company's notice of removal (doc. 1).

Defendant Great American Life Insurance Company ("Great American") removed this action from the Circuit Court of Colbert County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and § 1441.  Great American alleges that the amount in controversy exceeds $75,000.00 that there is complete diversity of citizenship between the parties.  Notice of Removal at ¶ 3.  Great American states that, upon information and belief, the plaintiffs are residents of the State of Alabama and that defendants Senior Info Center, James H. Bradford, Jr., and Robert E. Bradford (collectively "the resident defendants") are also residents of the State of Alabama.  *Id.* at ¶¶ 4-7.  However, Great American asserts that there is complete diversity of citizenship between the parties because the resident defendants are fraudulently joined.  *Id.* at ¶ 3.

Great American is a life insurance company with its principal place of business

in Ohio. *Id.* at ¶ 5. Defendant Senior Info Center is a retirement planning company with its principal place of business in Alabama. *Id.* at ¶ 6. At the time of the events giving rise to this action, the resident defendants were authorized agents and/or representatives of Great American with regard to the purchase and/or sale of insurance contracts and/or annuity agreements. Compl. at ¶ 3. This case arises from the sale of a single-premium deferred annuity to plaintiff Gail C. Clanton ("Clanton"). *Id*. at ¶¶ 6-13. Clanton purchased the annuity product from the defendants and it was issued on February 9, 2004. Notice of Removal, Ex. C at p. 2. On February 5, 2004, before the annuity issued, Clanton signed a "Client Letter of Understanding" indicating that she had read and acknolwedged the product features of the annuity. Notice of Removal, Ex. B. Clanton alleges, among other things, that the defendants sold her an annuity product that was unnecessary and unsuitable for her financial situation, targeted senior citizens by using deceptive trade practices, and used deceptive trade practices, and preyed upon elderly individuals by selling them products under the guise of offering free tax and estate planning services. Compl. at ¶¶ 4-7. On January 23, 2007, Clanton and Jesse D. Clanton ("the plaintiffs") sued Great American and the resident defendants alleging the following counts: negligence, negligent training and/or supervision, breach of fiduciary duty, breach of contract, conversion, outrage, fraud, willful and wanton conduct, violations of the Alabama Securities Act, and conspiracy. *Id.* at ¶¶ 16-56.

A state-court action can be removed to federal court when the federal courts have diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). "When a

defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Because Great American asserts that the resident defendants are fraudulently joined, it must demonstrate either that (1) there is no possibility that the plaintiffs can establish a cause of action against the resident defendants or that (2) the plaintiffs have fraudulently pled jurisdictional facts to bring the resident defendants into state court. *Henderson*, 454 F.3d at 1281. Great American does not allege that the plaintiffs have fraudulently pled the jurisdictional facts. Therefore, Great American must show that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "'If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (*quoting Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41(11th Cir. 1983)).

Great American argues that there is no possibility that the plaintiffs can prevail with respect to the claims brought against the resident defendants because the applicable statutes of limitation bar the plaintiffs' tort claims, with the exception of the conversion claim.[1] Therefore, if there is no possibility that the plaintiffs filed

---

[1]With respect to the conversion claim, Great American argues that there is no possibility that plaintiffs can maintain a cause of action for conversion against the resident defendants because "Alabama law clearly holds that Plaintiffs' annuity

their claims against the resident defendants within the relevant limitations period, then the residents defendants are fraudulently joined.  Great American argues that the limitations period began to run when annuity was purchased and issued, and that the complaint was filed well after the limitations period.[2]  Assuming that the purchase and issue of the annuity signaled the accrual of the plaintiffs' claims, this would signal the running of the limitations period.  *See Gilmore v. M & B. Realty Co., LLC*, 895 So. 2d 200, 208 (Ala. 2004) (holding that the limitations begins to run at the time a cause of action accrues).  However, with respect to some of the plaintiffs' claims, including the fraud claim, the "discovery rule" applies.  Under the discovery rule, the limitations period does not begin to run until the plaintiffs discover or in the exercise of reasonable care, should have discovered the circumstances giving rise to a claim.  *See Henderson*, 454 F.3d at 1282; *Potter v. First Real Estate Co.*, 844 So. 2d 540, 545 (Ala. 2002).[3]  The Eleventh Circuit Court of Appeals has held that when the viability of a plaintiff's claim depends on this rule, that "the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Henderson*, 454 F.3d at 1282.

However, Great American argues that, under *Foremost Ins. Co. v. Parham*, 693

---

premium payment cannot be the basis of a conversion claim."  Notice of Removal at ¶ 10.

[2]With the exception of the conversion claim, the limitations period as to plaintiffs' claims is two years.  *See* Ala. Code § 6-2-38(*l*).

[3]In addition to the plaintiffs' fraud claim, Great American concedes that the discovery rule would apply to the plaintiffs' claims for breach of fiduciary duty, violations of the Alabama Securities Act, and conspiracy.  Notice of Removal at ¶¶ 13-19.

So. 2d 409 (Ala. 1997), this court should hold as a matter of law that there is no possibility that the plaintiffs can prevail on their claims that are subject to the discovery rule.  In *Foremost*, the Alabama Supreme Court held that

> the trial court can enter a judgement as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms.

693 So. 2d at 421.   Under this standard, the court can consider "all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties."  *Id.*

The submissions supplied by the defendants indicates that Clanton was provided with documents setting out the terms of the annuity and that she signed a "Client Letter of Understanding" indicating that she understood the terms of the annuity.  Notice of Removal, Ex.s B, C.  Great American argues that, because Clanton received and signed these documents, the court should hold as a matter of law that the plaintiffs should have discovered the circumstances giving rise to their claims when the annuity was purchased and issued.

However, the court finds that there is a possibility that the plaintiffs could prevail on the claims that are subject to the discovery rule--such as the  fraud claim-- by demonstrating that, even though Clanton was given documents setting out the terms of the annuity, the limitations period did not begin to run at the time the annuity was purchased and issued.  More specifically, there is a possibility that the plaintiffs will be able to demonstrate that Clanton "reasonably relied" on the representations

made by the agents that were selling the annuity. *See Foremost*, 693 So. 2d at 422

(holding that the "reasonable reliance" standard applies to the commencement of the

statute of limitations for fraud).  In determining whether the plaintiffs should have

discovered the circumstances giving rise to their claims at the time the annuity was

purchased and issued, factors such as the mental capacity, educational background,

relative sophistication, and bargaining power of the parties can be considered. *Id*. at

421.  The complaint alleges that the defendants created a scheme to exploit and prey

upon senior citizens by selling products under the "the guise of offering [] free tax

and estate planning seminars" or "free elder planning seminars."  Compl. at ¶¶ 4-5.

The complaint further alleges, that senior citizens may be more "prone to confusion

caused by these marketing practices." *Id.* at 10.  In addition, the complaint alleges

that during these "seminars" that the defendants represented that they were

"specialized elder planners," that they claimed to offer "neutral tax or estate planning

services," and that they did not reveal that they were actually insurance salespeople.

*Id.* at ¶¶ 11-13.   Under the facts as alleged in the complaint, this court cannot say as

a matter of law that the plaintiffs should have discovered the circumstances giving

rise to their claims at the time the annuity was purchased and issued.  Therefore, the

court finds that there is a possibility that the plaintiffs may prevail on their fraud

claim and the other claims that are subject to the discovery rule.

Because the court finds that the plaintiffs have stated at least one cause of

action against the resident defendants, there is no fraudulent joinder. Thus, no

diversity exists as both plaintiffs and resident defendants are from Alabama.

Having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Colbert County, Alabama by separate Order.

**DONE** this the 8th day of March 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE